1  Leonard M. Shulman - Bar No. 126349
   Melissa Davis Lowe – Bar No. 245521
2  **SHULMAN HODGES & BASTIAN LLP**
   100 Spectrum Center Drive, Suite 600
3  Irvine, California 92618
   Telephone:     (949) 340-3400
4  Facsimile:     (949) 340-3000
   Email: LShulman@shbllp.com
5       MLowe@shbllp.com

6
   Attorneys for Karl T. Anderson,
7  Chapter 7 Trustee

8            **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10
   In re                                  | Case No. 6:17-bk-17512-MJ
11
   **DOUGLAS CRAIG WOODARD,**              | Chapter 7
12
   Debtor.                                | **CHAPTER 7 TRUSTEE'S MOTION FOR
13                                         | AN ORDER AUTHORIZING THE
                                           | TRUSTEE TO:**
14
                                          | **(1) CONDUCT AN AUCTION SALE OF
15                                        | PERSONAL PROPERTY ASSETS OF THE
                                          | ESTATE (WINE) FREE AND CLEAR OF
                                          | LIENS PURSUANT TO BANKRUPTCY
16                                        | CODE SECTION 363(b) AND (f);**
17
                                          | **(2) EMPLOY SPECTRUM WINE
18                                        | AUCTIONS AND PAY COMPENSATION
                                          | AND EXPENSES TO THE AUCTIONEER;
19                                        | AND**
20                                        | **(3) GRANTING RELATED RELIEF
                                          | INCLUDING USE OF SALE PROCEEDS
21                                        | PAY ACTUAL COSTS INCURRED**
22                                        | **MEMORANDUM OF POINTS AND
                                          | AUTHORITIES; DECLARATIONS OF
23                                        | KARL T. ANDERSON AND JASON
                                          | BOLAND IN SUPPORT**
24                                        | **Hearing:**
                                          | Date:   May 15, 2018
25                                        | Time:   10:00 a.m.
                                          | Place:  Courtroom 301
26                                        |            United States Bankruptcy Court
                                          |            3420 Twelfth Street
27                                        |            Riverside, CA 92501
28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

5359-000/Auction Motion TC Woodard

1    TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR,

3  CREDITORS AND PARTIES-IN-INTEREST:

## I.    INTRODUCTION

5    Karl T. Anderson, Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of

6  Douglas Craig Woodard ("Debtor"), brings this *Motion for an Order Authorizing the Trustee to: (1)*

7  *Conduct an Auction Sale of Personal Property Assets of the Estate (Wine) Free and Clear of Liens*

8  *Pursuant to Bankruptcy Code Sections 363(b) and (f); (2) Employ Spectrum Wine Auctions as*

9  *Auctioneer and Pay Compensation and Expenses to the Auctioneer; and (3) Granting Related Relief*

10  *Including Use of Sale Proceeds to Pay for Actual Costs Incurred* ("Auction Motion").

11    The Trustee has determined that the sale of the Debtor's Wine Assets[1] through an auction

12  will provide the most benefit for the Estate and its creditors.  The Trustee is advised by the proposed

13  Auctioneer that the Wine Assets to be sold at auction have a gross liquidation value of approximately

14  $35,000.00 and after payment of costs of the sale, the net proceeds for the Estate are anticipated to

15  exceed approximately $31,275.00.  Based on good business reasons that exist as outlined below, the

16  Trustee respectfully requests that the Court approve the Auction Motion.

## II.    RELEVANT FACTS

18  A.    **The Bankruptcy Case**

19    The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code

20  on September 7, 2017.  A true and correct copy of the Debtor's Schedules filed on September 21,

21  2017 (docket 8) are attached as **Exhibit 1** to the Declaration of Karl T. Anderson ("Anderson

22  Declaration").

23    The Debtor's petition and Schedule A/B listed his residence as the property located at 225

24  Birchwood Drive, Lake Arrowhead, CA ("Property").

---

[1] Capitalized terms are defined below.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

5359-000/Auction Motion TC Woodard

1    The deadline for filing proofs of claim in this case was February 12, 2018.  Government

2    claims were due by March 6, 2018.  The Court's Claims Register indicates that there have been

3    three general unsecured claims filed totaling $165,594.82.

4    **B.**    **The Wine Assets to be Sold at Auction**

5    On his Schedule A/B, the Debtor did not list any wine assets.  On his Schedule D, the Debtor

6    did not list any liens or encumbrances impacting his personal property assets listed in his Schedules.

7    Despite this, the Trustee learned that Debtor's Property has a wine cellar capable of holding over

8    500 bottles of wine and that Debtor owned an extensive wine collection.  With the assistance of his

9    field agents, CMA Adjustments, on February 20, 2018, the Trustee – through CMA Adjustments

10    and the Auctioneer -- obtained possession of the Debtor's wine collection which was located at the

11    Property, consisting of approximately 1,200 bottles of wine ("Wine Assets").  On that day, on the

12    Trustee's behalf, the Auctioneer took possession of, packed and transported the Wine Assets to the

13    Auctioneer's business location located at 14201 Chambers Road, Tustin, California 92780.

14    The Trustee's proposed Auctioneer has advised that at an auction sale, the Wine Assets have

15    a total estimated gross liquidation value of approximately $35,000.00.  Through the competitive

16    bidding of a public auction sale, it is anticipated that the Trustee will receive the best and highest

17    value for the Wine Assets and therefore, the ultimate sale price of the Wine Assets will be fair and

18    reasonable.

19    The Trustee believes that there are no liens or encumbrances impacting the Wine Assets.

20    Nevertheless, out of an abundance of caution the Trustee seeks authority to conduct the auction sale

21    free and clear of all liens and encumbrances, with any liens and interests against the Wine Assets

22    that are not released, paid in full, or otherwise resolved through the sale, if any, to attach to the sale

23    proceeds with the same force, effect, validity, and priority as such liens or interests had with respect

24    to the Wine Assets prior to the sale, pending agreement with the lienholder or further Court order.

25    **C.**    **The Proposed Auction Date, Proposed Auctioneer and Auction Contrat**

26    The Trustee proposes to liquidate the Wine Assets by auction to the highest bidder.  The

27    proposed auction will commence approximately thirty days from Court approval of the Auction

28    Motion to allow time for the Auctioneer to coordinate and market the auction (auction estimated to

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

5359-000/Auction Motion TC Woodward

1  commence in late May 2018).  The Auctioneer's website is live 24 hours a day, 7 days a week and

2  online auctions are held every Friday.    The Auctioneer estimates the vast majority of the Wine

3  Assets will sell in approximately two to three weeks.

4        The Trustee requests authorization to employ Spectrum Wine Auctions as the auctioneer

5  ("Auctioneer") to coordinate the auction and authorization to pay Auctioneer's compensation and

6  expenses pursuant to the terms of the Auction Contract, a true and correct copy of which is attached

7  as **Exhibit 2** to the Anderson Declaration.

8        Attached as **Exhibit 3** to the Declaration of Jason Boland ("Boland Declaration") is a true

9  and correct copy of the Auctioneer's resume.

10        Attached as **Exhibit 4**  to the Boland Declaration is an  individual  bond  in  an  amount

11  sufficient  to  protect  the  value  of  the  Wine  Assets  to  be  auctioned  ("Individual Bond").    The

12  Individual  Bond  has  been  obtained  to  conduct  this  auction.    The  Individual  Bond  has  been

13  issued in the Debtor's bankruptcy case name and number and in amount of the estimated value of

14  the wine to be sold, in favor of the Trustee in his capacity as the Trustee for the Estate.  The of the

15  Individual Bond is cost of sale for which the Auctioneer will request reimbursement.

16        The Auctioneer has advised the Trustee that it maintains liability insurance for lost or stolen

17  property  which  protects  any  and  all  property  under  the  Auctioneer's  control  which  is  secured,

18  transported and stored at the Auctioneer's auction location until sold.

19        The principal terms of the Auction Contract and proposed auction sale are as follows (the

20  Trustee is referred to as the "Seller" in the following summary):

21

| Sale Format | Public Auction (live and/or internet sales, until all bottles are sold) |
|---|---|
| Sale Date and Time | Commence approximately thirty days from Court approval of the Auction Motion.    Estimated  auction  to  commence  in  late  May  2018.    The Auctioneer's website is live 24 hours a day, 7 days a week and online auctions are held every Friday. |
| Location | The Wine Assets shall be held at the Auctioneer's business premises located at 14201 Chambers Road, Tustin, California 92780. |
| Assets | Debtor's wine collection consisting of approximately 1,200 bottles. |

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

5359-000/Auction Motion TC Woodward

| | |
|---|---|
| Marketing | Online advertising and email blasts targeted to the Auctioneer's extensive list of global wine buyers so as to fully expose the auction sale. Advertising to commence no later than two weeks prior to the auction sale date. The Auctioneer offers state-of-the-art technology for online sales. The Auctioneer has a global presence having offices in Tustin, California and Kowloon, Hong Kong. |
| Auctioneer's Costs | Auctioneer's costs will be limited to the costs of the Individual Bond of approximately $225. The Auctioneer will handle the costs associated with the packing and transport of the Wine Assets to the Auctioneer's business premises located in Tustin, California. |
| Auctioneer's Compensation | The Auctioneer will conduct the auction sale based solely upon the following compensation: (i) 20% Buyer Fee charged to each purchaser of the wine, and (ii) a 10% Seller Fee charged to the Estate. Subject to compliance with the requirements of the United States Trustee's Supervisory Instruction No. 10, the 10% Seller Fee will be split between the Auctioneer and the Trustee's field agent, CMA Adjustments, as follows: Auctioneer 4%, CMA Adjustments 6%. The Auctioneer will receive the entire 20% Buyer Fee.<br><br>The Buyer Fee will be collected by the Auctioneer and along with the auction proceeds (without deduction for the Seller Fee) turned over to the Trustee no later than thirty calendar days after the conclusion of the auction. Payment of the Buyer Fee and Seller Fee by the Estate to the Auctioneer is subject to the Auctioneer providing the Trustee with a Report of Auctioneer ("Auction Report") within thirty calendar days after conclusion of the auction in compliance with the requirements of the United States Trustee's Supervisory Instruction No. 10.[2] Within seven days of the Trustee's receipt of the Auction Report, the Trustee shall file it with the Court along with a declaration stating that the Trustee has compared the Auction Report to the list of items/lots sold, the Auction Report is satisfactory, the gross funds have been turned over to the Trustee, and the auctioneer has been compensated pursuant to the terms of the Auction Contract and this Auction Motion as approved by the Court. The Trustee shall also apply to the Court for authorization to exonerate the additional Individual Bond the Auctioneer obtained for the auction. Provided an Order has been entered approving payment of the Auctioneer's compensation and expenses, the Trustee shall compensate the Auctioneer for the Court approved fees and expenses within ten days of the Trustee's receipt of the Auction Report. |

[2] The Report of Auctioneer must include a at a minimum: the date of the sale, each item sold, the sale price and the name, address, and telephone number of the purchaser - in the case of lots, a brief description of each lot sold as well as the sale price and purchaser thereof - the gross proceeds of sale, a statement that the gross proceeds have been turned over to the trustee, and a descriptive list of the items that were not sold but which were returned to the trustee. The Supervisory Instruction No. 10 also provides that any and all auction proceeds are to be turned over to the Trustee within seven days of conclusion of the auction and that the Auction Report is due within twenty-one days after conclusion of the auction. The Auctioneer has requested that these deadlines be extended to thirty calendar days after conclusion of the auction to conform with the standard business practices in the wine auction industry.

5359-000/Auction Motion TC Woodward

| Additional terms | • The sale will be without limit and without reserve, subject only to minimum opening bid amounts established by the Auctioneer, based on Auctioneer's expert judgment. |
| --- | --- |
| | • Auctioneer will offer the Wine Assets to buyers in "As-Is, Where-Is" Condition, without representations or warranties. |
| | • If necessary, the Auctioneer may require bidders to post an appropriate deposit as a prerequisite to bid. |
| | • The Auctioneer will require buyers to sign a terms sheet, which will include terms to protect Auctioneer and Seller from buyer payment defaults, damage to persons or property onsite, claims regarding the wine, etc. |
| | • Auctioneer will accept from buyers the following forms of payment: credit card (fees shall be Auctioneer's responsibility), cashiers' checks, guaranteed checks and wire transfer as payment for the property sold. No cash will be accepted for this sale. |
| | • Auctioneer shall be responsible to collect and remit any applicable sales tax. |

The Trustee believes that the proposed Auction Contract is fair and reasonable and that the Trustee should be authorized to employ the Auctioneer on the terms and conditions set forth in the Auction Contract and this Auction Motion.

The Trustee is satisfied from the Boland Declaration that the Auctioneer is a disinterested person within the meaning of Bankruptcy Code Section 101(14).

**D.** **Request for Authorization to Use the Auction Proceeds to Pay the Auctioneer's Compensation and Expenses and to Reimburse the Trustee for his Actual Costs**

Through this Auction Motion, the Trustee requests the Court authorize the use of the proceeds of the auction sale to make Court approved disbursements to the proposed Auctioneer pursuant to the terms of the Auction Contract and this Auction Motion as described above.

## III. LEGAL AUTHORITIES

**A.** **There are Good Business Reasons for the Sale and the Sale is in the Best Interest of the Estate.**

The duties of a trustee in a Chapter 7 filing are enumerated in 11 U.S.C. §704, which provides in relevant part as follows:

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

5359-000/Auction Motion TC Woodward

(a) The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

11 U.S.C. §704(a). Further, the Trustee, after notice and hearing, may sell property of the estate. 11 U.S.C. § 363(b). Courts ordinarily will approve a proposed sale if there is a good business reason for the sale and the sale is in the bests interests of the estate. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983).

The Trustee has made a business decision and believes that the sale of the Wine Assets by the proposed auction sale is the best available alternative for maximizing the value of the Wine Assets for the Estate and creditors. The auction sale is the most efficient and cost effective way to liquidate the Wine Assets and will allow the Estate to receive the most value as compared to attempting to sell each bottle of wine on a piecemeal basis. The Trustee has been advised by the proposed Auctioneer that the auction may generate net funds exceeding $31,275.00, as follows:

| | |
|---|---|
| Estimated Gross Sale Projection | $35,000.00 |
| Auctioneer Expense Reimbursement (Individual Bond) | ($225.00) |
| 10% Seller Fee charged to Estate | ($3,500.00) |
| Estimated Net Recovery | $31,275.00 |

Through the competitive bidding of a public auction, it is anticipated that the Trustee will receive the best and highest value for the Wine Assets and therefore, the ultimate sale price will be fair and reasonable. Thus, based on good business reasons, approval of this Auction Motion would serve the best interests of the Estate and its creditors.

Therefore, the Trustee respectfully submits that, if this Court applies the good business reason standard suggested by the Second Circuit in *Lionel*, the sale should be approved.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

5359-000/Auction Motion TC Woodward

A.      **The Proposed Sale Should be Allowed Free and Clear of Liens**

Bankruptcy Code Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of any interest in such property of an entity," if any one of the following five conditions is met:

> (1)      applicable non-bankruptcy law permits a sale of such property free and clear of such interest;
>
> (2)      such entity consents;
>
> (3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)      such interest is in bona fide dispute; or
>
> (5)      such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive and thus only one of the enumerated conditions needs to be satisfied for Court approval to be appropriate. The Trustee proposes to sell under section 363(f)(4).

1.      **Section 363(f)(4) – Bona Fide Dispute.**

A bona fide dispute has been defined by *In re Atwood*, 124 B.R. 402 (Bankr. S.D. Ga. 1991) as a "genuine issue of material fact that bears upon the debtor's liability, or meritorious contention as to the application of law to undisputed facts." *Id.* at 407. In *In re Milford Group, Inc.,* 150 B.R. 904 (Bankr. M.D. Pa. 1992), the court stated it need not resolve a bona fide dispute, but must determine whether the issues presented are genuine as to the existence of a bona fide dispute. In doing so, the *Milford* Court found that the debtor had met its burden to establish cause for the Court to allow for the sale of the property, free and clear of liens. Requiring resolution of those issues before the sale may likely take substantial time, effort and expense by the parties.

Here, the Trustee believes that there are no liens or encumbrances impacting the Wine Assets. Nevertheless, out of an abundance of caution the Trustee seeks authority to conduct the auction sale free and clear of all liens and encumbrances, with any liens and interests against the

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

5359-000/Auction Motion TC Woodward

1   Wine Assets that are not released, paid in full, or otherwise resolved through the sale, if any, to

2   attach to the sale proceeds with the same force, effect, validity, and priority as such liens or interests

3   had with respect to the Wine Assets prior to the sale, pending agreement with the lienholder or

4   further Court order.  The need to resolve disputed liens should not hinder, delay or in any way inhibit

5   the Trustee's efforts to maximize the value of the sale of Property for the Estate.  Unresolved liens

6   will be the subject of a bona fide dispute as the Trustee believes there are no liens impacting the

7   Wine Assets.  Pursuant to Bankruptcy Code §§ 363(b) (1) and 363(f)(4), the Trustee seeks to sell

8   the Wine Assets free and clear of unresolved liens with such disputed liens to attach to the proceeds

9   of the sale in the same validity and priority as prior to the sale pending agreement with the lienholder

10  or further Court order.  Thus, approval for the sale free and clear of the lien as a disputed lien

11  pursuant to Bankruptcy Code § 363(f)(4) is appropriate.

12  **B.      The Court has Authority to Waive the Fourteen-Day Stay of Sale**

13          Federal Rule of Bankruptcy Procedure 6004(h) provides that "[a]n order authorizing the use,

14  sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry

15  of the order, unless the Court orders otherwise." Fed. Rule Bankr. P. 6004(h).  The Trustee desires

16  to conduct and close the auction sale as soon as practicable after entry of an order approving the

17  Auction Motion.  Accordingly, the Trustee requests that the Court, in the discretion provided it

18  under Federal Rule of Bankruptcy Procedure 6004(h), waive the fourteen-day stay requirement..

19                      **IV.      CONCLUSION**

20          Based upon the foregoing, the Trustee respectfully submits that good cause exists for

21  granting the Auction Motion and requests that the Court enter an order as follows:

22          1.      Approving the auction sale of the Wine Assets, to the highest bidder, free and clear

23  of all liens and encumbrances with any liens and interests against the Wine Assets that are not

24  released, paid in full, or otherwise resolved through sale, if any, to attach to the sale proceeds with

25  the same force, effect, validity, and priority as such liens or interests had with respect to the Wine

26  Assets prior to the sale, pending agreement with the lienholder or further Court order.

27          2.      Approving and authorizing the Trustee to enter into the Auction Contract for the

28  employment of the Auctioneer to coordinate the auction sale and authorizing payment of the

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

5359-000/Auction Motion TC Woodward

1    Auctioneer's compensation and expenses pursuant to the terms of the Auction Contract and this

2    Auction Motion.

3        3.      Authorizing the Trustee to use the proceeds of the auction sale to make Court

4    approved disbursements to the proposed Auctioneer pursuant to the terms of the Auction Contract

5    and this Auction Motion.

6        4.      Authorizing payment to the Auctioneer without further order of this Court upon

7    completion of the requirements of the United States Trustee's Supervisory Instructions No. 10,

8    modified such that the timing for turnover to the Trustee of any and all auction proceeds and Auction

9    Report is extended to thirty calendar days following conclusion of the auction.

10        5.      Directing that the fourteen day stay of the order approving the Auction Motion as

11    provided by Federal Rules of Bankruptcy Procedure 6004(h), or any other applicable rules, shall not

12    apply and that absent judicial imposition of a stay of the Court order approving the Auction Motion

13    pending appeal, the Trustee may immediately consummate the actions that are approved by such

14    Court order.

15        6.      For such other and further relief as the Court deems just and proper under the

16    circumstances of this case.

18    Dated: April 17, 2018            Respectfully submitted,

19                                    **SHULMAN HODGES & BASTIAN LLP**

20                                    /s/ Melissa Davis Lowe

21                                    Leonard M. Shulman

22                                    Melissa Davis Lowe
Attorneys Karl T. Anderson, Chapter 7 Trustee for the

23                                    bankruptcy estate of *In re Douglas Craig Woodard*,
Case No. 6:17-bk-17512-MJ

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5359-000/Auction Motion TC Woodard

# DECLARATION

## DECLARATION OF KARL T. ANDERSON

I, Karl T. Anderson, declare:

1.      I am the Chapter 7 Trustee for the bankruptcy estate of *In re Douglas Craig Woodard* ("Debtor"), Case No. 6:17-bk-17512-MJ. I have personal knowledge of the matters set forth in this Declaration and if called upon to testify, I could and would testify competently to the matters.

2.      I am familiar with the Debtor's bankruptcy proceeding and make this Declaration in support of my *Motion for an Order Authorizing the Trustee to: (1) Conduct an Auction Sale of Personal Property Assets of the Estate (Wine) Free and Clear of Liens Pursuant to Bankruptcy Code Sections 363(b) and (f); (2) Employ Spectrum Wine Auctions as Auctioneer and Pay Compensation and Expenses to the Auctioneer; and (3) Granting Related Relief Including Use of Sale Proceeds to Pay for Actual Costs Incurred* ("Auction Motion").  Unless otherwise noted, capitalized terms herein have the meaning as set forth in the Auction Motion.

3.      I have read and I am aware of the contents of the Auction Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Auction Motion and the Points and Authorities are true to the best of my knowledge.

4.      The Debtor's petition and Schedule A/B listed his residence as the property located at 225 Birchwood Drive, Lake Arrowhead, CA ("Property").  A true and correct copy of the Debtor's Schedules filed on September 21, 2017 (docket 8) are attached here as **Exhibit 1**.

5.      On his Schedule A/B, the Debtor did not list any wine assets.  On his Schedule D, the Debtor did not list any liens or encumbrances impacting his personal property assets listed in his Schedules.

6.      Despite this, I learned that the Debtor owned an extensive wine collection and that the Property had a wine cellar able to hold at least 500 bottles of wine.  On February 20, 2018, my field agent, CMA Adjustments, and the Auctioneer, met the Debtor at the Property and accessed the Property's wine cellar.  They found approximately 1,200 bottles of wine and took possession of the wine collection on that day.  Specifically, the Auctioneer took possession of, packed and transported the Wine Assets to the Auctioneer's business location located at 14201 Chambers Road, Tustin, California 92780.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

5359-000/Auction Motion TC Woodard

7.     My proposed Auctioneer has advised that at an auction sale, the Wine Assets have a total estimated liquidation value of approximately $35,000.00. Through the competitive bidding of a public auction sale, it is anticipated that the Estate will receive the best and highest value for the Wine Assets and therefore, the ultimate sale price will be fair and reasonable.

8.     I believe that there are no liens or encumbrances impacting the Wine Assets. Nevertheless, out of an abundance of caution I seek authority to conduct the auction sale free and clear of all liens and encumbrances, with any liens and interests against the Wine Assets that are not released, paid in full, or otherwise resolved through the sale, if any, to attach to the sale proceeds with the same force, effect, validity, and priority as such liens or interests had with respect to the Wine Assets prior to the sale, pending agreement with the lienholder or further Court order.

9.     I propose to liquidate the Wine Assets by auction to the highest bidder.

10.     I request authorization (i) to employ Spectrum Wine Auctions ("Auctioneer") to coordinate the auction, and (ii) authorization to pay the Auctioneer's compensation and expenses pursuant to the terms of the Auction Contract, a true and correct copy of which is attached here as **Exhibit 2**.

11.     The proposed auction will be scheduled to commence approximately thirty days after the Court has approved the Auction Motion to allow time for the Auctioneer to coordinate and market the auction.

12.     I believe that the proposed Auction Contract is fair and reasonable and that I should be authorized to employ the Auctioneer on the terms and conditions set forth in the Auction Contract and this Auction Motion.

13.     I am is satisfied from the Declaration Jason Boland that the Auctioneer is a disinterested person within the meaning of Bankruptcy Code Section 101(14).

////

////

////

////

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

5359-000/Auction Motion TC Woodward

14.    I request the Court authorize the use of the proceeds of the auction sale to make Court approved disbursements to the proposed Auctioneer pursuant to the terms of the Auction Contract and my Auction Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 23, 2018, at Palm Springs, California.

Karl T. Anderson

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5359-000/Auction Motion TC Woodward

13

# DECLARATION

## DECLARATION OF JASON BOLAND

I, Jason Boland, declare:

1.    I am the President of Spectrum Wine Auctions ("Firm"), the proposed auctioneer for Karl T. Anderson, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of *In re Douglas Craig Woodard* ("Debtor"), Case No. 6:17-bk-17512-MJ.  I have personal knowledge of the matters set forth in this Declaration and if called upon to testify, I could and would testify competently thereto.

2.    I make this Declaration in support of the *Chapter 7 Trustee's Motion for an Order Authorizing the Trustee to: (1) Conduct an Auction Sale of Personal Property Assets of the Estate (Wine) Free and Clear of Liens Pursuant to Bankruptcy Code Sections 363(b) and (f); (2) Employ Spectrum Wine Auctions as Auctioneer and Pay Compensation and Expenses to the Auctioneer; and (3) Granting Related Relief Including Use of Sale Proceeds to Pay for Actual Costs Incurred* ("Auction Motion").  Unless otherwise noted, capitalized terms herein have the meaning as set forth in the Auction Motion.

3.    The Firm has extensive experience in the matters to which it is to be engaged and is well qualified to conduct a public auction of the kind proposed by the Trustee in the Auction Motion.

4.    Attached here as **Exhibit 3** is a true and correct copy of the Firm's resume.

5.    Attached here as **Exhibit 4** is an individual bond in an amount sufficient to protect the value of the Wine Assets to be auctioned ("Individual Bond").  The Individual Bond  has been obtained to conduct this auction.   The Individual Bond  has been issued in the Debtor's bankruptcy case name and number and in amount of the estimated value of the Wine Assets to be sold, in favor of the Trustee in his capacity as the Trustee for the Estate.  The of the Individual Bond is  cost of sale for which the Firm will request reimbursement in the amount of $225.00.

6.    The Firm also maintains liability insurance for lost or stolen property which protects any and all property under the Firm's control which is secured, transported and stored at the Firm's auction location until sold.

7.    The Firm has advised the Trustee that we anticipate the auction of the Wine Assets to generate gross revenue of approximately $35,000.00.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

14

8.     The Firm will conduct the auction sale based solely upon the following compensation: (i) 20% Buyer Fee charged to the each purchaser, and (ii) a 10% Seller Fee charged to the Estate.    Subject to compliance with the requirements of the United States Trustee's Supervisory Instruction No. 10, the 10% Seller Fee will be split between the Firm and the Trustee's field agent, CMA Adjustments, as follows: the Firm 4%, CMA Adjustments 6%.    The Firm will receive the entire 20% Buyer Fee.  The Firm shall not seek reimbursement of any expenses other than the costs for the Individual Bond.

9.     I have read Auction Motion and the Firm agrees to and approves all of the terms and conditions set forth in the Auction Contract and the Auction Motion.

10.     To the best of the Firm's knowledge after full investigation, neither the Firm, nor any of the professionals comprising or employed by it, have any connection with the Debtor, his creditors or any other party in interest, their respective attorneys or other professionals, the United States Trustee, or any person employed by the United States Trustee.

11.     To the best of the Firm's knowledge after full investigation, none of the professionals comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, or to the United States Trustee or any employee of the United States Trustee.

12.     To the best of my knowledge after full investigation, the Firm is both disinterested as that term is defined in Bankruptcy Code Section 101(14) and represents no interest which would be adverse to the Debtor, his Estate or their creditors or any party in interest in this proceeding.

13.     The Firm has no pre-petition claim against the Estate.

14.     The Firm has received no retainer for the services to be performed on behalf of the Estate.

15.     The Firm and I are familiar with the requirements of the United States Trustee related to employment of auctioneers which includes requirements relative to the filing of a report by the auctioneer and the procedures for compensation of auctioneers, and we agree to comply the requirements. I understand that the United States Trustee's Supervisory Instruction No. 10 provides that any and all auction proceeds are to be turned over to the Trustee within seven days of conclusion

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15

5359-000/Auction Motion TC Woodward

1  of the auction and that the Auction Report is due within twenty-one days after conclusion of the

2  auction.  The Auctioneer requests that these deadlines be extended to thirty calendar days after

3  conclusion of the auction to conform with the standard business practices in the wine auction

4  industry including buyer payment terms of 14 days for individuals and 30 days for commercial

5  customers.

6          I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8          Executed on April 12, 2018, at Tustin, California.

9

10                                             Jason Boland

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5359-000/Auction Motion TC Woodward

# **Exhibit 1**
# **Debtor's Schedules**

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | Douglas Craig Woodard |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 6:17-bk-17512-MJ |

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

**1.1.** 225 Birchwood Drive
Street address, if available, or other description

Lake Arrowhead    CA    92352
City    State    ZIP Code

San Bernardino
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$ 650,000.00    $ 650,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
fee

☐ **Check if this is community property** (see instructions)

If you own or have more than one, list here:

**1.2.** _____
Street address, if available, or other description

_____

City    State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$ _____    $ _____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
_____

☐ **Check if this is community property** (see instructions)

# Exhibit 1

Debtor 1   **Douglas Craig Woodard**
First Name   Middle Name   Last Name

Case number *(if known)*   6:17-bk-17512-MJ

---

**1.3.** _____
Street address, if available, or other description

_____

_____

_____
City          State      ZIP Code

_____

_____
County

**What is the property?** Check all that apply.

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

---

**2** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ......................................... ➔   $ _____650,000.00

---

## Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.**   **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

☑ Yes

**3.1.**   Make:   **GMC**

Model:   **Yukon**

Year:   **2004**

Approximate mileage:   **102000**

Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____2,500.00 | $_____2,500.00 |

If you own or have more than one, describe here:

**3.2.**   Make:   _____

Model:   _____

Year:   _____

Approximate mileage:   _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

---

# Exhibit 1

Official Form 106A/B          Schedule A/B: Property          page 2

Debtor 1    Douglas Craig Woodard
            First Name    Middle Name    Last Name

Case number *(if known)*    6:17-bk-17512-MJ

---

3.3.   Make:    _____

Model:    _____

Year:    _____

Approximate mileage:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

---

3.4.   Make:    _____

Model:    _____

Year:    _____

Approximate mileage:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

---

4.   **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

4.1.   Make:    _____

Model:    _____

Year:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

---

If you own or have more than one, list here:

4.2.   Make:    _____

Model:    _____

Year:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

---

5   **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ....................    →    $    2,500.00

---

# Exhibit 1

Debtor 1    **Douglas Craig Woodard**    Case number *(if known)*    6:17-bk-17512-MJ
First Name    Middle Name    Last Name

---

| Part 3: | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe......... Household Furnishings                                    $_____15,000.00

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music
   collection; electronic devices including cell phones, cameras, media players, games
   ☑ No
   ☐ Yes. Describe..........                                                         $_____

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects;
   stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe..........                                                         $_____

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes
   and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe..........                                                         $_____

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe..........                                                        $_____

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.......... Clothing                                               $_____1,000.00

12. **Jewelry**
    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems,
    gold, silver
    ☑ No
    ☐ Yes. Describe..........                                                        $_____

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☑ No
    ☐ Yes. Describe..........                                                        $_____

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☑ No
    ☐ Yes. Give specific
    information. .............                                                       $_____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached**    ➜   $_____16,000.00
    **for Part 3. Write that number here** ..................................................................

# Exhibit 1

Debtor 1    **Douglas Craig Woodard**    Case number *(if known)*    6:17-bk-17512-MJ
First Name    Middle Name    Last Name

| Part 4: | Describe Your Financial Assets |
|---|---|

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No

☐ Yes.............................................................................................................    Cash: ......................    $_____

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes.....................    Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Bank of Amarica | $____550.00 |
| 17.2. Checking account: | | $_____ |
| 17.3. Savings account: | | $_____ |
| 17.4. Savings account: | | $_____ |
| 17.5. Certificates of deposit: | | $_____ |
| 17.6. Other financial account: | | $_____ |
| 17.7. Other financial account: | | $_____ |
| 17.8. Other financial account: | | $_____ |
| 17.9. Other financial account: | | $_____ |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes..................    Institution or issuer name:

$_____
$_____
$_____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No

☐ Yes. Give specific information about them........................

Name of entity:    % of ownership:

_____%    $_____
_____%    $_____
_____%    $_____

# Exhibit 1

Debtor 1    **Douglas Craig Woodard**    Case number *(if known)* 6:17-bk-17512-MJ
_____
First Name    Middle Name    Last Name

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific
    information about    Issuer name:
    them.....................    _____    $_____
    _____    $_____
    _____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No
☐ Yes. List each    Type of account:    Institution name:
    account separately.

    401(k) or similar plan:    _____    $_____

    Pension plan:    _____    $_____

    IRA:    _____    $_____

    Retirement account:    _____    $_____

    Keogh:    _____    $_____

    Additional account:    _____    $_____

    Additional account:    _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No
☐ Yes..........................    Institution name or individual:

    Electric:    _____    $_____

    Gas:    _____    $_____

    Heating oil:    _____    $_____

    Security deposit on rental unit:    _____    $_____

    Prepaid rent:    _____    $_____

    Telephone:    _____    $_____

    Water:    _____    $_____

    Rented furniture:    _____    $_____

    Other:    _____    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes..........................    Issuer name and description:
    _____    $_____
    _____    $_____
    _____    $_____

# Exhibit 1

| Debtor 1 | Douglas Craig Woodard | | | Case number *(if known)* 6:17-bk-17512-MJ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ..............................  Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

_____  $_____
_____  $_____
_____  $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific
information about them....                                    $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific
information about them....                                    $_____

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific
information about them....                                    $_____

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ......................

| | |
|---|---|
| Federal: | $_____ |
| State: | $_____ |
| Local: | $_____ |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information.............

| | |
|---|---|
| Alimony: | $_____ |
| Maintenance: | $_____ |
| Support: | $_____ |
| Divorce settlement: | $_____ |
| Property settlement: | $_____ |

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information.............                $_____

# Exhibit 1

Debtor 1   Douglas Craig Woodard
_____   Case number (if known) 6:17-bk-17512-MJ
First Name   Middle Name   Last Name

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information.............   $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim. ...............   $_____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ...................   $_____

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information............   $_____

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here   ➔   $            550.00

---

**Part 5:     Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe.......   $_____

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe.......   $_____

# Exhibit 1

Debtor 1    Douglas Craig Woodard
            First Name    Middle Name    Last Name

            Case number (if known) 6:17-bk-17512-MJ

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
☑ No
☐ Yes. Describe......                                                                          $_____

41. **Inventory**
☑ No
☐ Yes. Describe......                                                                          $_____

42. **Interests in partnerships or joint ventures**
☑ No
☐ Yes. Describe......    Name of entity:                          % of ownership:
                         _____    _____%    $_____
                         _____    _____%    $_____
                         _____    _____%    $_____

43. **Customer lists, mailing lists, or other compilations**
☑ No
☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?
      ☐ No
      ☐ Yes. Describe........                                                                  $_____

44. **Any business-related property you did not already list**
☑ No
☐ Yes. Give specific    _____    $_____
      information .........    _____    $_____
                         _____    $_____
                         _____    $_____
                         _____    $_____
                         _____    $_____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached**
    **for Part 5. Write that number here** ....................................................... →   $_____

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---------|---------------------------------------------------------------------------------------------------|
|         | If you own or have an interest in farmland, list it in Part 1.                                     |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
☑ No. Go to Part 7.
☐ Yes. Go to line 47.

                                                                          Current value of the
                                                                          portion you own?
                                                                          Do not deduct secured claims
                                                                          or exemptions.

47. **Farm animals**
    *Examples:* Livestock, poultry, farm-raised fish
☑ No
☐ Yes .........................                                                                $_____

# Exhibit 1

Debtor 1    Douglas Craig Woodard
             First Name   Middle Name   Last Name

Case number (if known) 6:17-bk-17512-MJ

48. **Crops—either growing or harvested**

☑ No
☐ Yes. Give specific
   information. ..........

$_____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes ....................

$_____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes ....................

$_____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Give specific
   information. ..........

$_____

52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
    for Part 6. Write that number here →

$_____

---

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
| --- | --- |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific
   information. ..........

$_____
$_____
$_____

54. Add the dollar value of all of your entries from Part 7. Write that number here →

$_____

---

| Part 8: | List the Totals of Each Part of this Form |
| --- | --- |

55. **Part 1: Total real estate, line 2** ....................................................→  $ 650,000.00

56. **Part 2: Total vehicles, line 5**    $ 2,500.00

57. **Part 3: Total personal and household items, line 15**    $ 16,000.00

58. **Part 4: Total financial assets, line 36**    $ 550.00

59. **Part 5: Total business-related property, line 45**    $_____

60. **Part 6: Total farm- and fishing-related property, line 52**    $_____

61. **Part 7: Total other property not listed, line 54**    + $_____

62. **Total personal property. Add lines 56 through 61.** .............    $ 19,050.00    Copy personal property total → + $ 19,050.00

63. **Total of all property on Schedule A/B. Add line 55 + line 62.** ..................................    $ 669,050.00

# Exhibit 1

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Douglas Craig Woodard** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **Central District of California** |
| Case number (If known) | **6:17-bk-17512-MJ** |

☐ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

## Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: **Single Family Residc**<br>Line from *Schedule A/B*: **1** | $ **650,000.00** | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | California Code of Civil Procedure 704.730 Exemptions |
| Brief description: **2004 GMC Yukon**<br>Line from *Schedule A/B*: _____ | $ **2,500.00** | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | California Code of Civil Procedure 704.010 |
| Brief description: **Household Goods**<br>Line from *Schedule A/B*: _____ | $ **16,000.00** | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | California Code of Civil Procedure 704.020 |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☑ No
   ☐ Yes

# Exhibit 1

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Douglas Craig Woodard |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (If known) | 6:17-bk-17512-MJ |

☐ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

## Part 1:    List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

|  | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|

**2.1** CeLink
Creditor's Name
P O Box 40724
Number    Street

Lansing    MI    48901
City    State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred    12/15/2013

**Describe the property that secures the claim:**    $ 530,000.00    $ 650,000.00    $ _____

Single Family Residence, Lake Arrowhead, CA

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number    9  0  8  4

**2.2** 
Creditor's Name

Number    Street

City    State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred    _____

**Describe the property that secures the claim:**    $ _____    $ _____    $ _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number    __ __ __ __

Add the dollar value of your entries in Column A on this page. Write that number here:    $ _____

Exhibit 1

| Debtor 1 | Douglas Craig Woodard | | Case number *(if known)* 6:17-bk-17512-MJ |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

| Part 1: | **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim | **Column C**<br>Unsecured portion<br>If any |
|---|---|---|---|---|

☐

Describe the property that secures the claim:    $_____    $_____    $_____

_____
Creditor's Name

_____
Number    Street

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

_____
City    State    ZIP Code

**Who owes the debt?** Check one.    **Nature of lien.** Check all that apply.
☐ Debtor 1 only    ☐ An agreement you made (such as mortgage or secured car loan)
☐ Debtor 2 only    
☐ Debtor 1 and Debtor 2 only    ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another    ☐ Judgment lien from a lawsuit
    ☐ Other (including a right to offset) _____
☐ Check if this claim relates to a community debt

Date debt was incurred _____    Last 4 digits of account number ___ ___ ___ ___

☐

Describe the property that secures the claim:    $_____    $_____    $_____

_____
Creditor's Name

_____
Number    Street

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

_____
City    State    ZIP Code

**Who owes the debt?** Check one.    **Nature of lien.** Check all that apply.
Debtor 1 only    ☐ An agreement you made (such as mortgage or secured car loan)
Debtor 2 only    
Debtor 1 and Debtor 2 only    ☐ Statutory lien (such as tax lien, mechanic's lien)
At least one of the debtors and another    ☐ Judgment lien from a lawsuit
    ☐ Other (including a right to offset) _____
☐ Check if this claim relates to a community debt

Date debt was incurred _____    Last 4 digits of account number ___ ___ ___ ___

☐

Describe the property that secures the claim:    $_____    $_____    $_____

_____
Creditor's Name

_____
Number    Street

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

_____
City    State    ZIP Code

**Who owes the debt?** Check one.    **Nature of lien.** Check all that apply.
Debtor 1 only    ☐ An agreement you made (such as mortgage or secured car loan)
Debtor 2 only    
Debtor 1 and Debtor 2 only    ☐ Statutory lien (such as tax lien, mechanic's lien)
At least one of the debtors and another    ☐ Judgment lien from a lawsuit
    ☐ Other (including a right to offset) _____
☐ Check if this claim relates to a community debt

Date debt was incurred _____    Last 4 digits of account number ___ ___ ___ ___

Add the dollar value of your entries in Column A on this page. Write that number here:    $  530,000.00

If this is the last page of your form, add the dollar value totals from all pages.    $  530,000.00
Write that number here:

**Exhibit I**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Douglas Craig Woodard |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | 6:17-bk-17512-MJ |

☐ Check if this is an amended filing

## Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☑ No. Go to Part 2.
   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

**2.1**

Priority Creditor's Name

_____
Number        Street

_____

_____
City                State      ZIP Code

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __     $_____   $_____   $_____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**2.2**

Priority Creditor's Name

_____
Number        Street

_____

_____
City                State      ZIP Code

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number __ __ __ __     $_____   $_____   $_____

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

# Exhibit 1

| Debtor 1 | Douglas Craig Woodard | | Case number *(if known)* 6:17-bk-17512-MJ |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

## Part 2: List All of Your NONPRIORITY Unsecured Claims

**3. Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

**4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

---

**4.1**

**HSBC**
Nonpriority Creditor's Name

P O Box 5235
Number    Street

Carol Stream                    IL
City                 State        ZIP Code

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number  3  1  7  7

When was the debt incurred? _____

**Total claim**  $  9,989.00

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Credit Card

---

**4.2**

**Frederick J Hanna**
Nonpriority Creditor's Name

1727 Roswell Road
Number    Street

Marietta                    GA
City                 State        ZIP Code

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number  0  4  0  2

When was the debt incurred? _____

$  19,063.00

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Credit Card

---

**4.3**

**Northland Group, Inc**
Nonpriority Creditor's Name

P O Box 390905
Number    Street

Minneapolis                    MN
City                 State        ZIP Code

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number  1  8  0  4

When was the debt incurred? _____

$  53,990.00

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Credit Card

---

# Exhibit 1

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page 2 of 4

| Debtor 1 | Douglas Craig Woodard | | | Case number *(if known)* 6:17-bk-17512-MJ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

---

**Nordstrom**
Nonpriority Creditor's Name

**P O Box 6655**
Number          Street

**Englewood**        **CO**     **80155**
City                State   ZIP Code

**Who incurred the debt?** Check one.

- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**

- [x] No
- [ ] Yes

**Last 4 digits of account number**  0  0  1  3

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify  Credit Card

$ 13,717.00

---

**Alfoncina Sandoval**
Nonpriority Creditor's Name

**123 Limestone**
Number          Street

**Claremont**        **CA**     **91711**
City                State   ZIP Code

**Who incurred the debt?** Check one.

- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**

- [x] No
- [ ] Yes

**Last 4 digits of account number**  ___ ___ ___ ___

**When was the debt incurred?**  02/09/2016

**As of the date you file, the claim is:** Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify  Legal Fees

$ 74,673.00

---

**Voss Cook and Thel**
Nonpriority Creditor's Name

**895 Dove St, Suite 450**
Number          Street

**Newport Beach**        **CA**     **92660**
City                State   ZIP Code

**Who incurred the debt?** Check one.

- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] Check if this claim is for a community debt

**Is the claim subject to offset?**

- [x] No
- [ ] Yes

**Last 4 digits of account number**  ___ ___ ___ ___

**When was the debt incurred?**  02/09/2016

**As of the date you file, the claim is:** Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Type of NONPRIORITY unsecured claim:**

- [ ] Student loans
- [ ] Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- [ ] Debts to pension or profit-sharing plans, and other similar debts
- [x] Other. Specify  Legal Fees

$ 59,263.00

---

# Exhibit 1

Case 6:17-bk-17512-MJ    Doc 66    Filed 09/22/17    Entered 09/22/17 15:30:30    Desc

Debtor 1    Douglas Craig Woodard    Main Document    Page 36 of 55    6:17-bk-17512-MJ
           First Name    Middle Name    Last Name    Case number (if known)

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.**
   **Add the amounts for each type of unsecured claim.**

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. $_____ |
|  | 6b. **Taxes and certain other debts you owe the government** | 6b. $_____ |
|  | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. $_____ |
|  | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. + $_____ |
|  | 6e. **Total.** Add lines 6a through 6d. | 6e. $_____ |

|  |  | Total claim |
|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. $_____ |
|  | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $_____ |
|  | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $_____ |
|  | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. + $          230,695.00 |
|  | 6j. **Total.** Add lines 6f through 6i. | 6j. $          230,695.00 |

# Exhibit 1

| Fill in this information to identify your case: |
|---|

| | |
|---|---|
| Debtor | Douglas Craig Woodard |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 6:17-bk-17512-MJ |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease.** Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|

**2.1**

Name

Number     Street

City          State     ZIP Code

**2.2**

Name

Number     Street

City          State     ZIP Code

**2.3**

Name

Number     Street

City          State     ZIP Code

**2.4**

Name

Number     Street

City          State     ZIP Code

**2.5**

Name

Number     Street

City          State     ZIP Code

# Exhibit 1

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Douglas Craig Woodard |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 6:17-bk-17512-MJ |
| (If known) | |

☐ Check if this is an
amended filing

## Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☐ No. Go to line 3.
   ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

      ☑ No
      ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent

   _____
   Number          Street

   _____
   City                          State                ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

**Column 1: Your codebtor**

**Column 2: The creditor to whom you owe the debt**

Check all schedules that apply:

| | |
|---|---|
| **3.1** _____<br>Name<br>_____<br>Number          Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br>_____<br>Number          Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.3** _____<br>Name<br>_____<br>Number          Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

# Exhibit 1

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Douglas Craig Woodard |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |

United States Bankruptcy Court for the: Central District of California

Case number: 6:17-bk-17512-MJ
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
income as of the following date:

MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | _____ | _____ |
| Employer's name | _____ | _____ |
| Employer's address | _____<br>Number   Street | _____<br>Number   Street |
| | _____ | _____ |
| | _____ | _____ |
| | _____<br>City        State    ZIP Code | _____<br>City        State    ZIP Code |
| How long employed there? | _____ | _____ |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $_____ | $_____ |
| 3. | Estimate and list monthly overtime pay. | 3. + $_____ | + $_____ |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $_____ | $_____ |

# Exhibit 1

Debtor 1    Douglas Craig Woodard                  Case number *(if known)* 6:17-bk-17512-MJ
           First Name      Middle Name        Last Name

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here.................................................. → | 4. | $_____ | $_____ |

**5. List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $_____ | $_____ |
| 5b. Mandatory contributions for retirement plans | 5b. | $_____ | $_____ |
| 5c. Voluntary contributions for retirement plans | 5c. | $_____ | $_____ |
| 5d. Required repayments of retirement fund loans | 5d. | $_____ | $_____ |
| 5e. Insurance | 5e. | $_____ | $_____ |
| 5f. Domestic support obligations | 5f. | $_____ | $_____ |
| 5g. Union dues | 5g. | $_____ | $_____ |
| 5h. Other deductions. Specify: _____ | 5h. | + $_____ | + $_____ |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $_____ | $_____ |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $_____ | $_____ |

**8. List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $_____ | $_____ |
| 8b. Interest and dividends | 8b. | $_____ | $_____ |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $_____ | $_____ |
| 8d. Unemployment compensation | 8d. | $_____ | $_____ |
| 8e. Social Security | 8e. | $_____950.00 | $_____ |
| 8f. **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: _____ | 8f. | $_____ | $_____ |
| 8g. Pension or retirement income | 8g. | $_____ | $_____ |
| 8h. Other monthly income. Specify: _____ | 8h. | + $_____ | + $_____ |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 950.00 | $_____ |
| 10. **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 950.00 + | $_____ = $_____ |

**11. State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____             11. + $_____

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies      12. $ 950.00

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☑ Yes. Explain: Annual Social Security Increase

# Exhibit 1

**Fill in this information to identify your case:**

Debtor 1      Douglas Craig Woodard
              First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)    First Name          Middle Name          Last Name

United States Bankruptcy Court for the: Central District of California

Case number    6:17-bk-17512-MJ
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
   expenses as of the following date:
   _____
   MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2*.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ No
   ☐ Yes. Fill out this information for each dependent..........................

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |
   | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|   |   | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $_____ |
|   | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $_____ 700.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $_____ 600.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $_____ |
| 4d. | Homeowner's association or condominium dues | 4d. $_____ |

**Exhibit 1**

Debtor 1  **Douglas Craig Woodard**
_____
First Name    Middle Name    Last Name

Case number *(if known)*  6:17-bk-17512-MJ

**Your expenses**

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $_____ |
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. | $_____ |
| | 6b.  Water, sewer, garbage collection | 6b. | $_____ |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $_____230.00 |
| | 6d.  Other. Specify:_____ | 6d. | $_____ |
| 7. | **Food and housekeeping supplies** | 7. | $_____100.00 |
| 8. | **Childcare and children's education costs** | 8. | $_____ |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $_____ |
| 10. | **Personal care products and services** | 10. | $_____50.00 |
| 11. | **Medical and dental expenses** | 11. | $_____ |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $_____150.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $_____ |
| 14. | **Charitable contributions and religious donations** | 14. | $_____ |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.  Life insurance | 15a. | $_____ |
| | 15b.  Health insurance | 15b. | $_____ |
| | 15c.  Vehicle insurance | 15c. | $_____50.00 |
| | 15d.  Other insurance. Specify:_____ | 15d. | $_____ |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:_____ | 16. | $_____ |
| 17. | **Installment or lease payments:** | | |
| | 17a.  Car payments for Vehicle 1 | 17a. | $_____ |
| | 17b.  Car payments for Vehicle 2 | 17b. | $_____ |
| | 17c.  Other. Specify:_____ | 17c. | $_____ |
| | 17d.  Other. Specify:_____ | 17d. | $_____ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | 18. | $_____ |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $_____ |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a.  Mortgages on other property | 20a. | $_____ |
| | 20b.  Real estate taxes | 20b. | $_____ |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. | $_____ |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. | $_____ |
| | 20e.  Homeowner's association or condominium dues | 20e. | $_____ |



**Exhibit 1**

| Debtor 1 | Douglas Craig Woodard | Case number *(if known)* 6:17-bk-17512-MJ |
|---|---|---|
| | First Name    Middle Name    Last Name | |

**21. Other.** Specify: _____    21.  +$ _____

**22. Calculate your monthly expenses.**

22a. Add lines 4 through 21.    22a. $ _____ 1,880.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b. $ _____

22c. Add line 22a and 22b. The result is your monthly expenses.    22c. $ _____ 1,880.00

**23. Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a. $ _____ 950.00

23b. Copy your monthly expenses from line 22c above.    23b. – $ _____ 1,880.00

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.    23c. $ _____ -930.00

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    Explain here:

# Exhibit 1

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Douglas Craig Woodard |
| | First Name          Middle Name          Last Name |
| Debtor 2 (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | 6:17-bk-17512-MJ |

☐ Check if this is an
amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes.  Name of person _____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

x _____          x _____
Signature of Debtor 1                                         Signature of Debtor 2

Date  09 20 17                                         Date _____
MM / DD / YYYY                                               MM / DD / YYYY

## Exhibit 1

# <u>Exhibit 2</u>
# Auction Contract



CONSIGNMENT FORM

Spectrum Wine Auctions, LLC ("Auctioneer") agrees to act as the agent in the sale of the undersigned consignor's ("Consignor") wine lots listed below. The Consignor gives the right to the Auctioneer to collect the purchase price, tax, and other amounts due in accordance with the terms of this agreement and in our published terms and conditions. The Auctioneer reserves the right to reject and return any consignment that it deems unsuitable for auction, at any time prior to the auction. The Auctioneer holds the property on behalf of and as an agent for the Consignor until title passes directly from the Consignor to the buyer(s) pursuant to the Terms and Conditions of the sale.

CONSIGNOR: I have read and agree to all Terms and Conditions in the Agreement, including those on the front and reverse side hereof.

Company **Estate of In re Douglas Craig Woodard, 6:17-bk-17512-MJ**

Name **Karl T. Anderson, Chapter 7 Trustee for the Estate**

Address **340 South Farrell Drive, Suite A210**

City **Palm Desert**        State **CA**    Zip **92262**

Country **USA**            Phone ( **949** ) **340-3400**

Email **Contact, c/o of Melissa Davis Lowe, Esq: mlowe@shbllp.com**

> Spectrum Wine Auctions
> 14201 Chambers Rd.
> Tustin, CA 92780
> Inside U.S.: 888.982.1982
> Outside U.S.: +1 949.748.4845
> Fax: +1 949.567.1360
> www.spectrumwine.com
> email: consign@spectrumwine.com
>
> Once wine lots are received and entered into auction at Spectrum Wine Auctions, we will send you a signed copy of this consignment agreement for your records.
>
> Spectrum Wine Auctions, LLC has an Auctioneers Bond on file with the California Secretary of State, pursuant to Section 1812.600 of the California Civil Code.

Seller's Fee    **10**    %                    Buyer's Fee 20%

Consignor understands and agrees that Auctioneer has discretion to open and sample up to **zero bottles** of the consigned wines to verify condition of the wine or for marketing purposes relating to the auction, without prior notice or compensation to Consignor. Provided, Auctioneer shall maintain records of all consigned wine utilized for this purpose and, upon request, provide documentation to Consignor.

Additional Terms:  -Spectrum Wine will handle the transport and associated cost to pack and pick up wine and transport to Spectrum Wine's business premises located at Tustin, CA

**Auctioneer's costs will be limited to the costs of the Individual Bond not to exceed $200.00

**Subject to compliance with the requirements of the United States Trustee's Supervisory Instruction No. 10, the 10% Seller Fee to be split between the Auctioneer and the Trustee's field agent, CMA Adjustments, as follows: Auctioneer 4%, CMA Adjustments 6%. The Auctioneer will receive the entire 20% Buyer Fee.

**The Buyer Fee will be collected by the Auctioneer and along with the auction proceeds (without deduction for the Seller Fee) turned over to the Trustee no later than thirty days after the conclusion of the auction.

**Auctioneer will offer the wine to buyers in "As-Is, Where-Is" Condition, without representations or warranties

**Auctioneer will accept from buyers the following forms of payment: credit card (fees shall be Auctioneer's responsibility), cashiers' checks, guaranteed checks and wire transfer as payment for the property sold. No cash will be accepted for this sale. Auctioneer shall be responsible to collect and remit any applicable sales tax.

Consignor Signature                Date **4/23/18**        ☑ Contract has an additional addendum, please see attached

Spectrum Wine Approval            Date **4·16·18**

Spectrum Wine Consignment Form 9.15

# Exhibit 2

SPECTRUM WINE AUCTIONS, LLC CONSIGNMENT TERMS AND CONDITIONS

**1)  Consignment:**  The undersigned consignor ("Consignor") hereby appoints Spectrum Wine Auctions, LLC ("Auctioneer") as Consignor's sole and exclusive agent for sale at auction of the wine listed on Schedule "A" hereto (which schedule may be supplemented or amended from time to time by mutual agreement of the parties), and which shall be deemed accepted and confirmed pursuant to the consignment Lot Notification to be provided to Consignor (the "Property"), with full authority to collect the purchase price, tax and other amounts due, in accordance with the terms of this Agreement and Auctioneer's published Terms and Conditions of Sale. The sale ("Auction Sale") will be scheduled and advised to consignor in advance, subject to the Auctioneer's right to cancel, change or postpone the Auction Sale. Auctioneer may, in its sole discretion, reject any and all Property as unsuitable for auction at any time prior to the Auction Sale, and such Property shall be returned to Consignor. Auctioneer holds the Property on behalf of and as agent for Consignor until title passes directly from Consignor to buyer(s) pursuant to the Terms and Conditions of Sale.

**2)  Commission:**  Consignor shall pay Auctioneer a commission of the percentage (%) of the total "hammer price" noted on the reverse side of this agreement for all Property sold (the "Commission"). In addition, Auctioneer shall receive for its own account a commission paid by the buyer as set forth in the catalogue and on Auctioneer's website for the Sale. Except for those expenses identified herein or as otherwise agreed between the parties (the "Expenses"), Auctioneer shall bear all costs of its services pursuant to this Agreement including catalogue preparation and distribution, listing and description of the Property, photography, promotion and other operating costs of Auctioneer.

**3)  Product Delivery:**  Consignor shall deliver the Property to such location as designated by Auctioneer, or make the Property available for pickup, no later than sixty (60) days prior to the date of the auction at which the Property will be offered for sale. All packing, transporting, delivering or insuring the Property will be at the sole expense and risk of the Consignor. Should arrangements be made for Auctioneer to pick up the Property, all costs incurred by Auctioneer in connection with the pickup, including packing materials, will be paid by the Consignor and be deducted as Expenses from the sales proceeds.

**4)  Method of Sale:**  Auctioneer shall have complete discretion as to the place, date and manner of sale, the terms and conditions of the sale, the illustration and/or the description of the Property in the catalogue or other literature, any combination or division of the Property into such lots and/ or separate auctions as Auctioneer shall determine.

**5)  Estimates:**  Any estimates of value or appraisals of the Property by Auctioneer or its representatives are merely opinions based on recent market data. As such, these estimates cannot be relied on by the Consignor or any third party as a prediction or guarantee of the actual selling price of the Property. In no event is Auctioneer liable for the failure of the Property to sell at its estimate or at any Reserve price.

**6)  Reserves:**  Reserves are permitted only with the advance written consent of Auctioneer, which may be withheld in the sole discretion of the Auctioneer. Any permitted reserve shall be as an accommodation to Consignor, in consideration for which Consignor hereby releases and holds Auctioneer and its agents, representatives and affiliates harmless from any errors or omissions including their own negligence in connection with a requested reserve.

**7)  No Bidding by Consignor.**  Consignor may not directly or indirectly enter a bid on any of Consignor's Property offered for sale without the prior written consent of the Auctioneer. In the event the Auctioneer permits the Consignor to bid, Auctioneer shall disclose to the audience that the Consignor has reserved the right to bid. In the event of a successful bid by Consignor, as permitted by Auctioneer, Consignor shall pay the buyer's commission thereon in addition to the Consignor's Commission.

**8)  Ownership:**  The Consignor represents and warrants that they are the sole legal owner of the Property, and that the Property is free and clear of all liens, claims and encumbrances, and that good title will pass from Consignor to the buyer free of any such liens, claims or encumbrances and that the Property is genuine.

**9)  Non-Payment from Successful Bidder:**  If the successful bidder or buyer is in default or has not made full payment for the Property by the due date, the Auctioneer may, in its sole discretion, take one or more of the following actions: (1) declare the sale null and void and return the Property to the Consignor in full satisfaction of the Auctioneer's obligation to the Consignor; (2) pay the Consignor the aggregate amount of the sale of the Property, less all amounts due Auctioneer under this Consignment Agreement, in which case, the Auctioneer shall be substituted for the Consignor with respect to the Consignor's rights as the owner of the Property under applicable law; (3) resubmit the Property to the Auction if still in session, or at a subsequent Auction Sale; or (4) pursue collection action against the buyer on behalf of the Consignor.

**10)  License of Images of Property:**  The Consignor grants to the Auctioneer a world-wide perpetual license to use, display, reformat, store, alter, reproduce, market, and establish navigational icons for links and pointers for and within the images of the Property for any purpose, including the promotion of the Property or of the Auctioneer or its related or affiliated entities. Copyrights and all other related rights in any photographs or digital images of the Property are the exclusive Property of the Auctioneer and shall not terminate upon the termination of the agreement for any reason. The Auctioneer may (i) remove any images or photographs from any promotional materials produced by the Auctioneer, whether in print or on the internet, and (ii) to promote any other consignments or Property or services of the Auctioneer.

**11)  Payment of Hammer Price Proceeds:**  The aggregate "hammer price" received and collected by Auctioneer from the sale of the Property shall be applied in the following manner: (1) to the commission; (2) to any Reacquisition Fees; (3) to any accrued interest due pursuant to any and all Standard Note and Security Agreements made by the Consignor and payable to the Auctioneer; (4) to an offset, which the Consignor approves, relating to any and all amounts due to any affiliate of the Auctioneer by Consignor; and (5) to all other amounts due to the Auctioneer. The balance shall pay to the Consignor the excess if any of the proceeds. Within thirty (30) work days after the sale, Auctioneer shall provide Consignor with an accounting of the sale, together with payment of the net proceeds due Consignor which have been received by Auctioneer.

**12)  No Withdrawal by Seller:**  The Property consigned to the Auctioneer may not be withdrawn by the Consignor prior to the Auction for any reason whatsoever without the Auctioneer's advance written consent using the Auctioneer's sole and absolute discretion. Where the Auctioneer authorizes such withdrawal, the Consignor shall pay the Auctioneer a sum equal to twenty percent (20%) of the withdrawn properties fair market value as determined by the Auctioneer in its sole discretion, plus such other Expenses incurred by the Auctioneer as a result of the consignment of the withdrawn Property.

**13)  Unsold Property:**  For any Property offered but not sold during the Auction, Auctioneer may, in its sole discretion, sell any such Property in a private sale for no less than the reserve amount; provided, such sale occurs within ten (10) days of the Auction's conclusion.  Unless otherwise instructed by Consignor in writing as set forth below, any Property not sold in Auction or pursuant to such private sale, shall be retained by Auctioneer and placed in a future auction sale. Any such future sale may or may not be the sale immediately following the one in which the Property did not sell; may be live or via Internet; and shall be at such prices and upon such terms and conditions as Auctioneer shall determine in its sole and absolute discretion, but subject to agreed upon reserves. Notwithstanding the foregoing, if Consignor wishes to reclaim any such unsold Property, Consignor must provide Auctioneer with written notice within thirty (30) days of the auction in which the Property was offered for sale but did not sell. Consignor shall be responsible for all costs incurred and risk in connection with the return of unsold Property, including packing, shipping, delivery and insurance. Consignor shall not be entitled to reclaim any unsold Property until all commissions, expenses and other amounts owed to Auctioneer have been paid in full.

**14)  Rescission of Sale:**  Consignor is authorized to accept the return and rescind the sale of any Property at any time if, in Auctioneers sole judgment, there is an issue as to the quality, authenticity or tile to the Property, or there exists any other circumstances if not remedied, could in Auctioneers sole judgment result in liability to Auctioneer, including a claim that a lot is not genuine, short or ullaged. In any such event, Auctioneer is authorized to refund or credit to the Buyer the purchase price for the returned Property. If Auctioneer has already remitted proceeds to Consignor of the rescinded sale, Consignor shall promptly, upon notice, repay Auctioneer such amount.

**15)  Insurance:**  Auctioneer will insure all Property against casualty while in its possession, until the fall of the hammer at the auction sale. Insurance coverage will be for its value as estimated by the Auctioneer at the time of loss or damage. Auctioneers liability for loss or damage is limited to such insurance coverage, and expressly excludes loss or damage as a result of earthquake or flood. Any claim will be less the deductible portion of any insurance coverage.

**16)  Arbitration:**  Any controversy, claim or dispute arising out of or related to this Consignment Agreement, shall be subject to binding arbitration on Orange County, California and shall be conducted before Judicial Arbitration and Mediation Services ("JAMS"). The expenses and fees of such arbitration shall be born equally between Consignor and Auctioneer. Any dispute, testimony, documents produced and outcome of the arbitration shall remain confidential. In agreeing to arbitrate, the parties understand and agree they are waiving their right to a jury trial, or before a judge in a public trial. The arbitrator shall have the authority to award compensatory damages and reasonable attorney's fees and costs. The Arbitrator shall not have the authority to award punitive or exemplary damages, or to amend, modify, expand or excuse performance of a material term of this Consignment Agreement.

**17)  General Provisions:** (a) The Auctioneer's right to sell the Property in accordance with this Consignment Agreement, and to convey good and marketable title thereto to a buyer at auction shall not be affected by and shall survive the Consignor's death, incompetency, a general assignment for the benefit of creditors, insolvency or bankruptcy (including any plan, arrangement, or liquidation as permitted by federal bankruptcy laws), and/or the termination of existence of the Consignor as a corporation or other legal entity. (b) The Auctioneer has not represented, warranted or guaranteed that the Property will, in fact, be sold during said auction, or what price, if any, will be realized from such sale. Auctioneer disclaims all warranties of any kind relating to its services hereunder. (c) The Consignor agrees to keep confidential, and not to disclose to any third parties except as required by law, the terms and conditions of the agreement, any plans, processes, or techniques used by the Auctioneer in marketing the Property, or the identities of any of the Auctioneer's customers or prospective customers. (d) The agreement constitutes the entire agreement between the Consignor and the Auctioneer, superseding all other prior and contemporaneous agreements or understandings with respect to the subject matter hereof. This Consignment Agreement may only be amended or supplemented by an agreement in writing signed by the parties hereto. (e) This Consignment Agreement shall benefit and be binding upon the heirs, administrators, successors and assignees of the parties. The Consignor may not assign this Consignment Agreement without the prior written consent of the Auctioneer and any such attempted assignments shall be null and void. (f) This Consignment Agreement shall be governed for all purposes by the law of California. Subject to the obligations to arbitrate set forth herein, the courts of Orange County, California shall have exclusive jurisdiction and venue with respect to any dispute arising under or related to the auction. In any proceedings or arbitration the prevailing party shall recover its attorney's fees and other costs incurred in connection with the proceedings. (g) Each person executing this Consignment Agreement in a representative capacity represents and warrants that he or it is empowered to do so. (h) If any provision of this Consignment Agreement is held invalid, void, or unenforceable, the remaining provisions shall continue in full force and effect. (i) This Consignment Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. (j) The warranties and representations contained in this Consignment Agreement survive the sate of execution by each party herein and the performance of all terms and conditions contained in the agreement. (k) The Consignor represents and warrants that no broker, finder or other third party is entitled to any commission or other compensation in connection with this transaction, and agrees to indemnify the Auctioneer from and against any loss or liability (including attorney's fees) in connection with any breach of said warranty. (l) Each party agrees to execute and deliver such other documents and instruments and to take such further action as may be reasonably necessary to fully carry out the intent and purposes of this Consignment Agreement.

**Exhibit 2**

**Addendum to Consignment Form**
**In re Douglas Craig Woodard**
**Case No. 6:17-bk-17512-MJ**

**\*\*This Addendum amends the Consignment Form.  Notwithstanding any contrary terms and conditions in the Consignment Form, this Addendum shall apply.**

**\*\*The compensation to be paid to Spectrum Wine Auctions shall only be paid from the proceeds of the sale of the wine.  If a sale is not consummated for any or no reason whatsoever, Spectrum Wine Auctions shall not be entitled to commissions.  The parties acknowledge that the Consignment Form, this Addendum and any agreement relating to the wine and the terms of compensation to the Auctioneer is not binding (including the entering into of a purchase agreement) until Bankruptcy Court approval.**

**\*\*The Buyer Fee will be collected by the Auctioneer and along with the auction proceeds (without deduction for the Seller Fee) turned over to the Trustee no later than thirty calendar days after the conclusion of the auction.  Payment of the Buyer Fee and Seller Fee by the Estate to the Auctioneer is subject to the Auctioneer providing the Trustee with a Report of Auctioneer ("Auction Report") within thirty calendar days after conclusion of the auction in compliance with the requirements of the United States Trustee's Supervisory Instruction No. 10.  Within seven days of the Trustee's receipt of the Auction Report , the Trustee shall file it with the Court along with a declaration stating that the Trustee has compared the Auction Report to the list of items/lots sold, the Auction Report is satisfactory, the gross funds have been turned over to the Trustee, and the auctioneer has been compensated pursuant to the terms of the Auction Contract and this Auction Motion as approved by the Court.  The Trustee shall also apply to the Court for authorization to exonerate the additional Individual Bond the Auctioneer obtained for the auction.  Provided an Order has been entered approving payment of the Auctioneer's compensation and expenses, the Trustee shall compensate the Auctioneer for the Court approved fees and expenses within ten days of the Trustee's receipt of the Auction Report.**

**\*\* The Bankruptcy Court for the Central District of California, Riverside Division, shall have jurisdiction to interpret and enforce the terms Consignment Form. This Consignment Form shall be construed pursuant to the laws of the State of California, except to the extent preempted by applicable Federal bankruptcy law.   Further, The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes relating to this Addendum and the Consignment Form.**

# Exhibit 2

# **Exhibit 3**
# **Auctioneer's Resume**



14201 Chambers Road • Tustin, CA 92780

Phone: (949) 748-4845 • Fax: (949) 567-1360

Email: info@ spectrumwine.com • Website: www.spectrumwine.com

### SPECTRUM WINE AUCTIONS, LLC

Spectrum Wine Auctions, LLC conducts live auctions in both Los Angeles and Hong Kong, in addition to weekly internet auctions, utilizing its state-of-the-art website and bidding platform. Our firm offers the most competitive incentives and state-of-the-art technology for the benefit of our global consignors and buyers alike.

Entering the fine wine market in 2009 with passion and expertise, Spectrum Wine delivers a worldwide buying, selling, and appraisal venue for collectors of fine and rare wines. We offer the rarest, greatest wines of the world as well as an impressive range of more modestly priced collectible and investment-grade wines.

2017 saw an aggressive expansion into the retail segment of the wine industry with a newly acquired retail store and storage facility located in the upscale community of Newport Beach, California. This diversification covers the full spectrum of needs for both the luxury wine consumer and collector.

Backed by decades of auction expertise and driven by a team of dedicated fine and rare wine specialists, Spectrum Wine is committed to offering buyers and sellers alike the most accessible, expansive, and flexible auction services available for what is simply the world's greatest consumable and collectible product.

# Exhibit 3

# Exhibit 4

# Single Performance Bond

Bond Number: 0742334

### AUCTIONEER BOND

**KNOW ALL MEN BY THESE PRESENTS** that we, SPECTRUM WINE AUCTIONS
(hereinafter called Principal), as Principal, and the INTERNATIONAL
FIDELITY INSURANCE COMPANY, its home office in NEWARK, NEW JERSEY
(hereinafter called Surety), as Surety, are held and firmly bound
unto the UNITED STATES OF AMERICA (hereinafter called Obligee), in
the full and just sum of THIRTY FIVE THOUSAND  AND NO/100
($35,000.00) Dollars, for the payment of which, well and truly to be
made, the Principal and Surety hereby bind themselves, their heirs,
executors, administrators, successors and assigns, jointly and
severally, firmly by these presents.

**NOW THEREFORE**, the condition of this obligation is such that if the
said Principal shall faithfully account for all money, assets and
effects of bankruptcy case, DOUGLAS CRAIG WOODARD; CASE
#6:17-BK-17512-MJ, in which the Principal is serving as auctioneer,
then this obligation to be void; otherwise to remain in full force
in effect.

The liability of the Surety hereunder shall not exceed the aggregate
sum of THIRTY FIVE THOUSAND  AND NO/100 ($35,000.00) Dollars, for
all claims asserted against this bond.

This bond shall remain in full force and effect from APRIL 16, 2018
to JULY 16, 2018.

SIGNED AND SEALED THIS 12TH day of APRIL, 2018.


SPECTRUM WINE AUCTIONS

By: _____


INTERNATIONAL FIDELITY INSURANCE COMPANY

By: _____
CATHERINE C. KEHOE, ATTORNEY-IN-FACT


# Exhibit 4

# POWER OF ATTORNEY

Bond #  0742334

### INTERNATIONAL FIDELITY INSURANCE COMPANY
### ALLEGHENY CASUALTY COMPANY

One Newark Center, 20th Floor, Newark, New Jersey 07102-5207 PHONE: (973) 624-7200

**KNOW ALL MEN BY THESE PRESENTS**: That **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing under the laws of the State of New Jersey, and **ALLEGHENY CASUALTY COMPANY** a corporation organized and existing under the laws of the State of New Jersey, having their principal office in the City of Newark, New Jersey, do hereby constitute and appoint

LINDA C. SHEFFIELD, CONWAY C. MARSHALL, STEPHEN BEAHM, DAVID C. JOSEPH, JESSICA PALMERI, MARGARET SCHATZMAN, ROXANNE CRAVEN, ANDREA BECKER, CLARK P. FITZ-HUGH, DARLENE A. BORNT, CATHERINE C. KEHOE, KRISTINE DONOVAN, ELIZABETH W. KEARNEY

New Orleans, LA

their true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said **INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY**, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by their regularly elected officers at their principal offices.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of the By-Laws of **INTERNATIONAL FIDELITY INSURANCE COMPANY and ALLEGHENY CASUALTY COMPANY** and is granted under and by authority of the following resolution adopted by the Board of Directors of **INTERNATIONAL FIDELITY INSURANCE COMPANY** at a meeting duly held on the 20th day of July, 2010 and by the Board of Directors of **ALLEGHENY CASUALTY COMPANY** at a meeting duly held on the 10th day of July, 2015 :

"RESOLVED, that (1) the Chief Executive Officer, President, Executive Vice President, Vice President, or Secretary of the Corporation shall have the power to appoint, and to revoke the appointments of, Attorneys-in-Fact or agents with power and authority as defined or limited in their respective powers of attorney, and to execute on behalf of the Corporation and affix the Corporation's seal thereto, bonds, undertakings, recognizances, contracts of indemnity and other written obligations in the nature thereof or related thereto, and (2) any such Officers of the Corporation may appoint and revoke the appointments of joint-control custodians, agents for acceptance of process, and Attorneys-in-fact with authority to execute waivers and consents on behalf of the Corporation; and (3) the signature of any such Officer of the Corporation and the Corporation's seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seals when so used whether heretofore or hereafter, being hereby adopted by the Corporation as the original signature of such officer and the original seal of the Corporation, to be valid and binding upon the Corporation with the same force and effect as though manually affixed."

IN WITNESS WHEREOF, **INTERNATIONAL FIDELITY INSURANCE COMPANY** and **ALLEGHENY CASUALTY COMPANY** have each executed and attested these presents on this  31st  day of  December, 2016

STATE OF NEW JERSEY
County of Essex



George R. James
Executive Vice President (International Fidelity Insurance Company) and
Vice President (Allegheny Casualty Company)

On this  31st  day of  December, 2016        , before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of **INTERNATIONAL FIDELITY INSURANCE COMPANY and** of **ALLEGHENY CASUALTY COMPANY**; that the seals affixed to said instrument are the Corporate Seals of said Companies; that the said Corporate Seals and his signature were duly affixed by order of the Boards of Directors of said Companies.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written

Cathy Cruz  a Notary Public of New Jersey
My Commission Expires April 16, 2019

## CERTIFICATION

I, the undersigned officer of **INTERNATIONAL FIDELITY INSURANCE COMPANY** and **ALLEGHENY CASUALTY COMPANY** do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Sections of the By-Laws of said Companies as set forth in said Power of Attorney, with the originals on file in the home of said companies, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand on this day,    April 12, 2018

A00586 International Sureties Ltd

# Exhibit 4

Maria H. Branco, Assistant Secretary

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California  92618**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Motion for an Order Authorizing the Trustee to: (1) Conduct an Auction Sale of Personal Property Assets of the Estate (Wine) Free and Clear of Liens Pursuant to Bankruptcy Code Sections 363(b) and (f); (2) Spectrum Wine Auctions as Auctioneer and Pay Compensation and Expenses to the Auctioneer; and (3) Granting Related Relief Including Use of Sale Proceeds to Pay for Actual Costs Incurred; Memorandum of Points and Authorities and Declarations of Karl T. Anderson and Jason Boland in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 23, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Karl T Anderson (TR)**  edansie@hotmail.com, kanderson@ecf.epiqsystems.com *Chapter 7 Trustee*

- **Francis T Donohue**   ftd@vctlaw.com,  dyolken@vctlaw.com *NEF on behalf of Voss, Cook & Thel, LLP*

- **Daniel Kippen**   dkippen@vctlaw.com   *NEF on behalf of Interested Party*

- **Nancy L Lee**   bknotice@mccarthyholthus.com,  nlee@ecf.courtdrive.com *Attorney for  Finance of America Reverse LLC,*

- **Melissa Davis Lowe**   mdavis@shbllp.com,  avernon@shbllp.com, cdopeso@shbllp.com *Attorney for Chapter 7 Trustee*

- **Leonard M Shulman**   lshulman@shbllp.com *Attorney for Chapter 7 Trustee*

- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov *United States Trustee*

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 23, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Judge's Copy**
**Judge's Copy:  Hon Meredith A Jury, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 325, Riverside, CA 92501**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   **Not Applicable**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 23, 2018 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## U.S. MAIL SERVICE LIST

**DEBTOR IN PRO PER**
DOUGLAS CRAIG WOODARD
PO BOX 1880
LAKE ARROWHEAD, CA 92352-1880

**UNITED STATES TRUSTEE**
UNITED STATES TRUSTEE (RS)
3801 UNIVERSITY AVENUE, SUITE 720
RIVERSIDE, CA 92501-3255

**COURT MAILING LIST**
EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**COURT MAILING LIST**
FINANCE OF AMERICA REVERSE LLC, ITS
ASSIGNEE
C/O MCCARTHY & HOLTHUS, LLP
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101-260

**COURT MAILING LIST**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**COURT MAILING LIST**
AFNI
1310 MARTIN LUTHER KING DR
PO BOX 3517
BLOOMINGTON, IL 61702-3517

**CLAIM FILED**
ALFONCINA SANDOVAL
PO BOX 562
CLAREMONT, CA 91711

**COURT MAILING LIST**
CELINK
PO BOX 40724
LANSING MI 48901-7924

**COURT MAILING LIST**
FREDERICK J HANNA
1727 ROSWELL ROAD
MARIETTA, GA 30062

**COURT MAILING LIST**
GRANT MERCANTILE AGENCY
PO BOX 1903
OAKHURST, CA 93644-1903

**COURT MAILING LIST**
HSBC
PO BOX 5235
CAROL STREAM, IL, 60197-5235

**COURT MAILING LIST**
NORDSTROM
PO BOX 6655
ENGLEWOOD CO 80155-6655

**COURT MAILING LIST**
NORTHLAND GROUP, LNC
PO BOX 390905
MINNEAPOLIS, MN 55439-0905

**COURT MAILING LIST**
QUALITY LOAN SERVICE CORP
2763 CAMINO DEL RIO S
1ST FL
SAN DIEGO, CA 92108-3708

**COURT MAILING LIST**
TRANSLWORLD SYSTEMS
500 VIRGINIA DR, SUITE 514
WASHINGTON, PA 19034-2707

**CLAIM FILED**
VOSS COOK AND THEL LLP
FRANCIS T. DONOHUE III, ESQ
2301 DUPONT DRIVE, SUITE 500
IRVINE, CA 92612

**NOTICE PURPOSES**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**CLAIM FILED**
DIRECTTV    LLC    BY    AMERICAN
INFORSOURCE LP AS AGENT
4515 N SANTA FE AVE
OKLAHOMA CITY, OK 73118

**CLAIM FILED - ADDITIONAL NOTICE**
DIRECTTV    LLC    BY    AMERICAN
INFORSOURCE LP AS AGENT
PO BOX 5008
CAROL STREAM, IL 60197-5008

**COURT MAILING LIST**
RICHARD A. HALDERMAN
3857 BIRCH ST, STE 480
NEWPORT BEACH, CA 92660-2616

RETURNED MAIL

**UNDELIVERABLE**
**COURT MAILING LIST**
COURTESY NEF

**UNDELIVERABLE**
**COURT MAILING LIST**
RIVERSIDE DIVISION
3420 TWELFTH STREET,
RIVERSIDE, CA 92501-3819

**SEE PROOF OF CLAIM ADDRESS**
**COURT MAILING LIST**
ALFONCINA SANDOVAL
123 LIMESTONE
CLARELNONT CA 91711-1843

**SEE CHANGE OF ADDRESS, DOCKET 60**
**CLAIM FILED**
VOSS COOK AND THEL LLP
895 DOVE ST, SUITE 450
NEWPORT BEACH, CA 92660-2998

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**